UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------- X
                                    :
AMERICAN STOCK TRANSFER & TRUST CO.,:
not in its individual capacity but  :
solely in its capacity as Indenture :
Trustee on behalf of all Holders of :
2.875% Senior Subordinated          :
Convertible Notes Due 2010 of Par   :
Pharmaceutical Companies, Inc.      :
                                    :
                    Plaintiff,      :
            v.                      :06 cv 13283 (BSJ)(RLE)
                                    :  **Opinion & Order**
PAR PHARMACEUTICAL COMPANIES, INC.  :
                                    :
                    Defendant.      :
                                    :
                                    :
-----------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/22/09

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Before the Court are cross-motions for summary judgment filed by Plaintiff

American Stock Transfer & Trust Co. ("American Stock" or "Trustee") and Defendant

Par Pharmaceutical Companies, Inc. ("Par"). For the reasons that follow, Plaintiff's

motion for summary judgment is DENIED and Defendant's cross-motion for summary

judgment is GRANTED.

**BACKGROUND**

This dispute arises from an indenture agreement (the "Indenture") entered into by

the parties on September 20, 2003. The Trustee alleges that Par breached that agreement,

therein defaulting and permitting the Trustee to call for acceleration of payment of

principal and interest.

The relevant facts in this case are largely undisputed. (*See* Parties' statements under Local Rule 56.1.) The parties entered into an indenture agreement in which Par would issue $200,000,000 of debt securities and American Stock would serve as the trustee for the holders of the notes. The Indenture requires, among other things, that Par provide the Trustee with certain information and reports.

> Section 6.2 of the Indenture states:

> "The Company shall ensure delivery to the Trustee within 15 calendar days after it files such annual and quarterly reports, information, documents and other reports with the SEC, copies of its annual report and of the information, documents, and other reports (or copies of such portions of any of the foregoing as the SEC may by rules and regulations prescribe) that the Company is required to file with the SEC pursuant to Section 13 or 15(d) of the Exchange Act in accordance with TIA Section 314(a). In the event the Company is at any time no longer subject to the reporting requirements of Section 13 or 15(d) of the Exchange Act, it shall continue to provide the Trustee with reports containing substantially the same information as would have been required to be filed with the SEC had the Company continued to have been subject to such reporting requirements. In such event, such reports shall be provided at the times the Company would have been required to provide reports had it continued to have been subject to such reporting requirements. The Company also shall comply with the other provisions of TIA Section 314(a). Delivery of such reports, information and documents to the Trustee is for informational purposes only and the Trustee's receipt of such shall not constitute constructive notice of any information contained therein or determinable from information contained therein, including the Company's compliance with any of its covenants hereunder (as to which the Trustee is entitled to rely conclusively on Officers' Certificates).

Section 8.1 of the Indenture states that Par's "failure to observe or perform any other of the covenants or agreements…and such failure continues for a period of 30 calendar days after written notice of default is given," then that failure will be considered a default. Under Section 8.2 of the Indenture, after notice and continuance of the default event, the Trustee may "declare the principal of, and accrued and unpaid interest and Additional Interest, if any, on, all the Securities to be immediately due and payable."

On July 6, 2006, Par filed an 8-K with the SEC stating that certain financial statements filed by PAR for the years 2004, 2005, and the first quarter of 2006 contained accounting errors and would have to be restated. (Kenney Aff., Ex. C.) On August 11, 2006, Par filed an abbreviated 10-Q for the second quarter of 2006. (Kenney Aff., Ex. B.) This filing did not include certain information required by Part 1, Items 1 and 2. Par stated that the information would be provided when possible. Also on that date, Par filed a Form 12b-25 (Notification of Late Filing), informing the SEC of the information missing from the second quarter 10-Q. (Kenney Aff., Ex. B.)

Copies of the abbreviated second quarter 10-Q and the Form 12b-25 were delivered to the Trustee on August 24, 2006. (Kenney Aff. Ex. B.)

On September 1, 2006, the Trustee sent a Notice of Default to Par, stating that Trustee had failed to deliver to the Trustee a Form 10-Q for the second quarter of 2006 within 15 days of August 11, 2006 and that if this default were not corrected within thirty days, Par would be in default pursuant to Section 6.2 of the Indenture. (Reid Decl., Ex. 6.) On September 6, 2006, Par filed an 8-K report disclosing and disputing this Notice of Default. (Kenney Aff., Ex. 1.) On October 2, 2006, the Trustee sent Par a "Notice of Acceleration," stating that an Event of Default had occurred warranting acceleration pursuant to Section 8.2 of the Indenture. (Reid. Decl, Ex. 7.) Par disclosed this Notice in an 8-K report filed on October 6, 2006. (Kenney Aff., Ex. J.)

Both parties move for summary judgment on the issue of whether Par's conduct constituted an Event of Default under the Indenture and whether failure to rectify that alleged default constituted a breach of the agreement.

**STANDARD OF REVIEW**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In deciding a motion for summary judgment, a court must look to the substantive law underlying the lawsuit. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).The indenture agreement is governed by the laws of the State of New York. (Pl. Mot. for Summary Judgment, ex. A-1, § 14.11).

Under New York law, when clear and unambiguous language is used, a contract should be enforced according to its own terms. *R/S Assocs. v. N.Y. Job Dev. Auth.,* 98 N.Y.2d 29, 744 N.Y.S.2d 358, 771 N.E.2d 240, 242 (N.Y.2002); *W.W.W. Assocs., Inc. v. Giancontieri,* 77 N.Y.2d 157, 565 N.Y.S.2d 440, 566 N.E.2d 639, 642 (N.Y.1990). "Whether or not a writing is ambiguous is a question of law to be resolved by the courts." *Giancontieri,* 565 N.Y.S.2d 440, 566 N.E.2d at 642. A court should construe an agreement to effectuate the parties' intent, *see Welsbach Elec. Corp. v. MasTec N. Am., Inc.,* 7 N.Y.3d 624, 825 N.Y.S.2d 692, 859 N.E.2d 498, 501 (N.Y.2006), with reference to the agreement as a whole. *See Kass v. Kass,* 91 N.Y.2d 554, 673 N.Y.S.2d 350, 696 N.E.2d 174, 180-81 (N.Y.1998).

## DISCUSSION

*Construction of Indenture Section 6.2*

Par argues that Section 6.2 of the Indenture requires it to deliver to Par within 15 days of filing a copy of any report filed with the SEC. The Trustee argues that Section 6.2 requires Par to 1) timely file reports, documents, and information with the SEC and 2)

deliver such filings to the Trustee within 15 days. The Trustee further argues that a failure to perform either of these obligations constitutes an event of default.

The Court finds that the plain meaning of Section 6.2 supports Par's construction. That section states that Par, "shall ensure delivery to the Trustee within 15 calendar days after it files such annual and quarterly reports, information, documents and other reports with the SEC, copies of its annual report and of the information, documents, and other reports (or copies of such portions of any of the foregoing as the SEC may by rules and regulations prescribe) that the Company is required to file with the SEC pursuant to Section 13 or 15(d) of the Exchange Act in accordance with TIA Section 314(a)" (emphasis added). This language clearly requires that once Par has filed certain items with the SEC, copies of those items must be delivered to the Trustee within 15 days. It is equally plain that this language does not create an obligation to timely file items with the SEC; it merely creates an obligation to deliver copies whenever those items are filed.[1]

The Trustee also argues that the reference in Section 6.2 to the Trust Indenture Act § 314(a), 15 U.S.C. § 77nnn (2006) creates an obligation on Par's behalf to timely file certain items with the SEC. The TIA states:

> Each person who ... is or is to be an obligor upon the indenture securities covered thereby shall: (1) file with the indenture trustee copies of the annual reports and of the information, documents, and other reports ... which such obligor is required to file with the [Securities and Exchange] Commission pursuant to [§ 13] or [§ 15(d) ] of [the Exchange Act]...

TIA § 314(a), 15 U.S.C. § 77nnn(a)

The TIA imposes on Par a statutory obligation to provide copies of required SEC reports to the Trustee. It does not impose a duty to timely file with the SEC. In fact,

---

[1] The Court also notes that Section 6.2 itself states that, "[d]elivery of such reports, information and documents to the Trustee is for informational purposes only."

unlike the Indenture, the TIA does not even specify a time constraint on the delivery of copies: the Indenture creates a relative deadline of fifteen days after filing with the SEC; the TIA is silent as to when copies of SEC reports must be forwarded to the Trustee. The TIA's reference to §§ 13 and 15(d) of the Exchange Act merely identifies which reports must eventually be forwarded to the Trustee. It does not independently impose any time constraints for filing or incorporate the SEC's regulatory deadlines.

The Trustee further argues that SEC Rule 19a-1 reflects the SEC's opinion that § 314(a)(1) requires that "eligible indenture obligors" such as Par file timely reports with the SEC:

> An "eligible indenture obligor" that files with the indenture trustee those Exchange Act reports filed with the Commission ... has met its duty under Section 314(a)(1) of the Act (15 U.S.C. 77nn[n] (a)(1)) to "file with the indenture trustee all reports required to be filed with the Commission pursuant to Section 13 or Section 15(d) of the Securities Exchange Act of 1934."

17 C.F.R. § 260.19a-1(c).

Under Rule 19a-1, Par satisfies its obligations under § 314(a)(1) by filing with the Trustee "those Exchange Act reports *filed* with the Commission." *Id.* (emphasis added). This SEC rule is consistent with the Court's construction of § 314(a): Par is required only to file with the Trustee the reports and documents that it has already filed with the SEC. SEC Rule 19a-1 imposes no additional affirmative duty of timeliness.

The Trustee also argues that Section 6.2's mention of Section 13 and 15(d) of the Exchange Act incorporates by reference any obligations imposed in those sections of the statute. This portion of the Indenture states: "The Company shall ensure delivery to the Trustee within 15 calendar days after it files such annual and quarterly reports, information, documents and other reports with the SEC, copies of its annual report and of

the information, documents, and other reports…that the Company is required to file with the SEC pursuant to Section 13 or 15(d) of the Exchange Act in accordance with TIA Section 314(a)." Reference to these sections of the Exchange Act only defines which items Par is required to deliver to the Trustee (those filed pursuant to Section 13 or 15(d) of the Exchange Act). It does not create any independent obligation to timely file under those sections or incorporate those statutes by reference. Where the parties wished to incorporate a statute by reference and impose upon the parties an independent duty to meet the requirements of that statute, they did so explicitly: For example, in Section 4.5 of the Indenture, the parties agreed that, "[w]hen complying with the provisions of Section 4.1…the Company shall: (a) comply with Rule 13e-4 and Rule 142-1…under the Exchange Act." Such language clearly indicates that the parties have a contractual duty to comply with the statutory provisions. Reference in Section 6.2 of the Indenture to Sections 13 and 15(d) of the Exchange Act serves only to specify which items must be delivered to the Trustee; it does not incorporate the statutory duties into the Indenture agreement.

Finally, Plaintiff points to a 2006 unpublished opinion of a New York commercial division trial court in *Bank of N.Y. v. BearingPoint, Inc.,* No. 600169/06, 13 Misc.3d 1209(A), 2006 WL 2670143 (N.Y.Sup.Ct. Sept.18, 2006), which considered similar language in an Indenture agreement. The court's analysis in *BearingPoint* highlighted the mandatory language of the Indenture but did not distinguish between the duty to file reports with the SEC and the duty to forward copies of the reports to the trustee. The Court also did not analyze the timing clause included in the Indenture's Section: instead it eliminated the phrase "within 15 days after it files such ... reports ... with the SEC"

(which also appears in this Indenture) and replaced it with a set of ellipses. The Court finds unpersuasive the *BearingPoint* court's analysis. This Court is joined in that opinion by several other district courts, as well as the Eighth Circuit. See *UnitedHealth Group Inc. v. Wilmington Trust Co.*, 548 F.3d 1124 (8th Cir. 2008); *UnitedHealth Group Inc. v. Wilmington Trust Co.,* 538 F.Supp.2d 1108, 1114 (D.Minn.2008); *Finisar Corp. v. U.S. Bank Trust Nat'l Ass'n,* No. C 07-4052, 2008 WL 3916050 (N.D.Cal. Aug.25, 2008); *Affiliated Computer Servs., Inc. v. Wilmington Trust Co.,* No. 3:06-CV-1770-D, 2008 WL 373162 (N.D.Tex. Feb. 12, 2008); *Cyberonics, Inc. v. Wells Fargo Bank Nat'l Ass'n,* No. H-07-121, 2007 WL 1729977 (S.D.Tex. June 13, 2007). Examining language similar to the Indentures in both this case and *BearingPoint*, those courts all considered and rejected the *BearingPoint* court's construction and decision. They did so "after coming to the same conclusion: the indenture provisions at issue imposed nothing more than the ministerial duty to forward copies of certain reports, identified by reference to the Exchange Act, within fifteen days of actually filing the reports with the SEC." *UnitedHealth Group Inc. v. Wilmington Trust Co.*, 548 F.3d 1124, 1129 -1130 (8th Cir. 2008). Similarly, we decline to follow the court in *BearingPoint*.

This Court instead agrees with the federal courts that have considered this issue. Section 6.2 of the Indenture does not create an independent duty to timely file documents with the SEC.

*No Breach*

The Trustee's claims of breach relies on its interpretation of Section 6.2, which the Court has rejected here as contrary to the plain meaning of the agreement. Section 6.2 imposes on Par no obligation to timely file reports with the SEC.

Par's failure to timely file with the SEC does not constitute a failure to perform under Section 6.2 of the Indenture.  Par did not, therefore, default under Section 8.1 of the Indenture, nor did any default ever occur requiring rectification upon the Trustee's notice.  Further, Par was not required to make payments pursuant to the acceleration clause in Section 8.2 of the Indenture.

None of Par's actions challenged in this case by the Trustee, therefore, constituted a breach of the Indenture or a repudiation of that agreement. The Trustee's claims of breach must be dismissed.

**CONCLUSION**

The Plaintiff's motion for summary judgment is DENIED.  The Defendant's cross-motion for summary judgment dismissing Plaintiff's claims is GRANTED.  The Clerk of Court is directed to close this case.

**SO ORDERED:**

Barbara S. Jones
**UNITED STATES DISTRICT JUDGE**

Dated:    New York, New York
          June 19, 2009